JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-06072 MMM (AGRx) | Date | July 24, 2012 |
|---|---|---|---|

| Title | *Reo Seaston LP v. Tammie Gladney* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

## I. FACTUAL BACKGROUND

Plaintiff Reo Seastone LP is a limited partnership formed and existing under California law.[1] Plaintiff filed this unlawful detainer action in Los Angeles Superior Court against defendant Tammie E. Gladney and Does 1 through 20 on March 14, 2012.[2]  Seastone claims ownership of the real property located at 11464 Esther St., Norwalk, CA 90650 ("the property").[3]  Gladney is allegedly a former resident of the property.[4]

On February 8, 2012, Seastone allegedly became the owner of the property after purchasing

---

[1]Notice of Removal ("Removal"), Docket No. 1 (July 13, 2012), Exh. A ("Complaint").

[2]*Id.*

[3]*Id.*, ¶ 1.

[4]*Id.*, ¶ 6.

it at a non-judicial foreclosure trustee's sale held in complaint with California Civil Code § 2924.  The title of the premises pursuant to the foreclosure sale was allegedly duly perfected in the plaintiff's name on February 28, 2012.[5]  Seastone alleges that defendants have occupied the premises since the foreclosure sale without its consent.[6]

On March 7, 2012, Seastone served defendants with a written notice requiring them to vacate the property within three (3) days of service.  According to the complaint, although more than three days have elapse since the service of the notice, Gladney and the unnamed defendants have failed to vacate the property and continue to be in possession of the property without Seastone's permission or consent.[7]   Seastone seeks possession of the property as well as damages in the amount of $30 per day (the alleged reasonable daily rental value) for each day from March 13, 2012 that Gladney and the unnamed defendants remain in possession of the property.[8]  Seastone also seeks the costs incurred in pursuing this action.[9]

Gladney filed a notice of removal on July 13, 2012 attempting to invoke the court's jurisdiction based on federal question and civil rights violations.[10]

## II. DISCUSSION

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction

---

[5]*Id.*, ¶¶ 3-4.

[6]*Id.*, ¶ 8.

[7]*Id.*, ¶¶ 6-8.

[8]*Id.*, ¶ 9.

[9]*Id.* at 3.

[10]Removal at 2-4.

at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).  For the reasons discussed below, the court lacks subject matter jurisdiction and the action is remanded to Los Angeles Superior Court.

## A.   Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint."  *Franchise Tax Bd.*, 463 U.S. at 9-10.  Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction.  *Caterpillar, Inc.*, 482 U.S. at 392.  Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims.  *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States.  *Franchise Tax Bd.*, 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of Seastone's complaint, which alleges only a single unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, *3 (N.D.Cal., 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") citing *Wescom Credit Union v. Dudley*, 2010 WL 4916578, *2 (C.D.Cal., 2010); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Gladney asserts in her notice of removal that Seastone's conduct violates her Fourth, Fifth, and Fourteenth Amendment rights,[11] as well as various federal statutes.[12] None of these causes of action are pled in plaintiff's complaint, however, and insofar as she asserts federal defenses to plaintiff's claim, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint . . . ." *Franchise Tax Bd.*, 463 U.S. at 14. Because Seastone's complaint does not present a federal question, the court lacks jurisdiction under 28 U.S.C. § 1331.

### B.    Whether the Court Has Jurisdiction under 28 U.S.C. § 1443 to Hear the Action

Under 28 U.S.C. § 1443, actions commenced in a state court may be removed by the

---

[11]Removal at 2.

[12]*Id*. at 3-4.

defendant to the district court of the United States for the district wherein it is pending, (1) "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," or (2) "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Gladney contends that removal is proper under 28 U.S.C. § 1443(1) because her constitutionally guaranteed rights to due process and a fair hearing as well as her Fourth Amendment rights are threatened by the unlawful detainer action.[13] As in *Bonnie Brae Properties, LLC v. Posada,* No. CV 10-9131 PA (PLAx), 2010 WL 4916617 (C.D. Cal. Nov. 29, 2010), the notice of removal "appears to assert that certain adverse rulings in the unlawful detainer action have [or will] violate [ ] defendant's constitutional rights." *Id.* at *1.

This type of unlawful detainer "claim[ ] . . . [is] inadequate to establish a basis for removal under 28 U.S.C. § 1443." *Id.* Here, as in *Bonnie Brae,* "[t]here is no allegation or any other indication that Defendant has properly sought to invoke a law that provides 'for the equal civil rights of citizens of the United States,' or that [she] is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim." *Id.* (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir.2006) ("A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966) ("'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights,'" quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970))).

Gladney's allegations that her constitutionally guaranteed rights to due process, a fair hearing, and protection from unreasonable search and seizure are threatened by the case proceeding in state court are insufficient to establish her entitlement to remove. See *US Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10-01508-CJC (MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the 'right to own property without suffering fraudulent foreclosure and eviction,' . . . does not establish a basis for removal. Mr. Thornton has not alleged the violation of any law providing for equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer

---

[13] *Id.*

actions. . . .  This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 (1966); *People of State of California v.  Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice")).  Consequently, the court lacks jurisdiction over this case under 28 U.S.C. § 1443 as well.

### III.  CONCLUSION

For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.